# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                           Case No. 03-32063-WRS
                                                                     Chapter 7

TERRY MANUFACTURING
COMPANY INC.,

       Debtor

J. LESTER ALEXANDER III, TRUSTEE,

       Plaintiff                                                     Adv. Pro. No. 04-3070-WRS

   v.

IDENTIFICATION SYSTEMS INC.,

       Defendant

## MEMORANDUM DECISION

       This Adversary Proceeding is before the Court upon the motion of Defendant Identification Systems, Inc. to transfer venue of this Adversary Proceeding to the Southern District of Ohio. (Doc. 17). The Plaintiff opposes the motion. (Docs. 28, 30). For the reasons set forth below, the motion is DENIED.

## I. FACTS

       Defendant Identification Systems has moved to transfer venue of this Adversary Proceeding to the Southern District of Ohio, contending that its witnesses and documents are there and for that reason it would be more convenient to try the case there. Moreover, the Defendant's lawyer is also in Ohio. As the Plaintiff's lawyer is in Louisiana, and must travel in

any event, Identification Systems contends that any additional inconvenience would be minimal. The Plaintiff, Trustee J. Lester Alexander, III, prefers to try this proceeding in this Court.

The Court notes that this Adversary Proceeding is one of more than two dozen Adversary Proceedings which have been filed in this Court which relate to the Terry Manufacturing or Terry Uniform bankruptcy cases. To the extent that this Court has, and will continue to learn about the business dealings of the Debtor corporations, the interest in judicial economy would be served if one Court, rather than two dozen different courts, rule on these Adversary Proceedings. Issues such as the insolvency of the Debtor and its ordinary course of business are likely to be tried several times. The interest of judicial economy would favor trial in the Middle District of Alabama. Moreover, from the Trustee's point of view, it would be more efficient for him to try all of his cases, in one forum rather than two dozen or more different fora scattered about the United States. All things considered, the equities would favor trying all of the Adversary Proceedings in the same place.

## II. LAW

This is an adversary proceeding to set aside certain transfers pursuant to 11 U.S.C. § 547. This Court has jurisdiction to hear this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b). This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(F). There is no dispute that venue is proper in this district. 11 U.S.C. § 1409(a). Section 1409(a) permits the Trustee to bring suit in the district in which the underlying bankruptcy case is pending, unless the amount is less than $1,000. As the amount in suit here is approximately $10,000, venue is proper in this Court. Indeed, the Court does not understand Defendant Identification Systems to argue that

venue here is improper, rather its argument is based upon prudential grounds. The Court may transfer an adversary proceeding to another district "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412; see also, Rule 7087, Fed. R. Bankr. P.

There are two strong policies in the law governing the transfer of avoidance actions such as this which work against Identification Systems here. First, there is a strong policy favoring the concentration of avoidance actions in the Court in which the underlying bankruptcy case is pending. In re: Sudbury, 149 B.R. 489; 492-93 (Bankr. N.D. Ohio 1993). Second, there is a strong presumption in favor of the forum selected by the plaintiff. In re: Hechinger Investment Company of Delaware, Inc., 296 B.R. 323, 327 (Bankr. D. Del. 2003). Having carefully considered all of the reasons advanced by Defendant Identification Systems in its brief, and having considered the Courts record in the underlying bankruptcy case and taking into account that there are some two dozen other avoidance actions pending here, the Court finds that the Defendant has failed to carry its burden.

### III. CONCLUSION

For the reasons set forth above, the Court finds that the motion to transfer venue to the Southern District of Ohio should be DENIED. The Court will, by way of a separate order, deny the motion.

Done this 21st day of January, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Brent B. Barriere, Attorney for Plaintiff
  Vincent DePascale, Attorney for Defendant